**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4628**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

VICTOR DAVIS SPENCER,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Terrence W. Boyle, District Judge.  (2:11-cr-00047-BO-2)

Submitted:  March 26, 2013          Decided:  April 5, 2013

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Davis Spencer pled guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute more than twenty-eight grams of crack cocaine, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 132 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning the validity of Spencer's guilty plea and whether the district court committed plain error by failing to rule on Spencer's objection to the career offender designation. Although advised of his right to file a pro se supplemental brief, Spencer has not done so. The Government has moved to dismiss the appeal of Spencer's sentence on the basis of the waiver of appellate rights contained in Spencer's plea agreement. For the reasons that follow, we grant the Government's motion and dismiss the appeal of Spencer's sentence, and we affirm his conviction.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This Court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th

2

Cir. 2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to it. Id. at 169. To determine whether a waiver is knowing and intelligent, this Court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). We have thoroughly reviewed the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing. Based on the totality of circumstances in this case, we conclude that Spencer knowingly and voluntarily entered into the plea agreement and understood the waiver. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

We further conclude that Spencer's challenge to the district court's handling of his objection to the career offender designation falls within the scope of the waiver. In his plea agreement, Spencer waived the right to appeal his sentence, including any claims related to the determination of his advisory Guidelines range, reserving only the right to appeal from a sentence greater than the Guidelines range established at sentencing. Spencer argues that the district court committed plain error by failing to rule on his outstanding objection to the career offender designation. See Fed. R. Crim. P. 32(i)(3)(B). However, because Spencer received a sentence well below his Guidelines range and this issue relates to the establishment of that range, his discretion falls

3

within the purview of the waiver provision. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Spencer's sentence.

Although the appeal waiver precludes our review of Spencer's sentence, the waiver does not bar review of Spencer's conviction. Because Spencer did not move to withdraw his guilty plea in the district court, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Spencer] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). We have reviewed the record and discern no error warranting correction on plain error review.

In accordance with Anders, we have thoroughly reviewed the entire record for any other potentially meritorious issues outside the scope of Spencer's appeal waiver and have found none. We therefore affirm Spencer's conviction. This Court requires that counsel inform Spencer, in writing, of his right to petition the Supreme Court of the United States for further review. If Spencer requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on Spencer.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
